IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| JEFFREY L. BEAVER; and TERESA A. BEAVER, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Civil No. 4:14-cv-00020-HCM-TEM |
| v. | ) ) ) | |
| BANK OF AMERICA, N.A., et al., | ) ) | |
| *Defendants*. | ) ) | |

**DEFENDANT BANK OF AMERICA, N.A.'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Bank of America, N.A. ("BANA"), by counsel, hereby submits this Memorandum of Law in support of its Partial Motion to Dismiss.

**INTRODUCTION**

Plaintiffs Jeffrey L. Beaver and Teresa A. Beaver ("Plaintiffs") assert five causes of action against BANA for Breach of Contract for Breach of Implied Covenant of Good Faith and Fair Dealing (Count I), Violations of Fair Credit Reporting Act ("FCRA") (Counts VII, VIII, IX), and Violation of Real Estate and Settlement Procedures Act ("RESPA") (Count X), as well as five other causes of action against co-defendants Experian Information Solutions, Inc., TransUnion, LLC, and Equifax Information Services, LLC. Compl. ¶¶ 72-174. BANA moves to dismiss Counts I and X as they relate to Plaintiffs' attempt to obtain a loan modification.

## STATEMENT OF FACTS[1]

Plaintiffs' defaulted on their mortgage loan obligations and filed for Chapter 13 bankruptcy protection in 2010. Compl. ¶¶ 17-19. While in bankruptcy, Plaintiffs applied for a loan modification by submitting a Home Affordable Modification Program ("HAMP") application with BANA in April 2013. Compl. ¶ 22. Plaintiffs were denied a loan modification in July 2013. Compl. ¶¶ 26-27. On October 3, 2013, Plaintiffs again applied for a loan modification by submitting a HAMP application to BANA. Compl. ¶ 39. BANA requested additional documentation to process Plaintiffs' loan modification application. Compl. ¶¶ 40, 42-44, 49, 52. Plaintiffs were again denied a loan modification in February 2014. Compl. ¶ 53.

Following the denial of their first loan modification application, Plaintiffs sent BANA qualified written requests ("QWRs") in July 2013. Compl. ¶ 31. Although Plaintiffs did not attach a copy of their QWRs to their Complaint, copies of Plaintiffs' QWRs are attached hereto as Exhibit A.[2] Plaintiffs' identical QWRs state that they "write today because of the erroneous, inconsistent and harmful instruction I have received in my attempt to comply with the HAMP application." Ex. A. Among other things, Plaintiffs ask BANA to "investigate and correct the problems" regarding Plaintiffs' loan modification application. *Id.* Plaintiffs then request that BANA provide Plaintiffs with, *inter alia*, "[c]opies of all documents relating to my request for a loan modification under the HAMP Program, any Workable Solutions Program, any in-house loan modification program and/or any other program in which is [sic] a participant," as well as a

---

[1] For purposes of this Partial Motion to Dismiss, and only for the purpose of this Motion, BANA assumes the facts alleged in Plaintiffs' Complaint are true.

[2] A defendant may attach documents relied upon in the Complaint, and the Court may consider such documents in ruling upon a Rule 12(b)(6) motion. *See Demetry v. Lasko Prods.*, 284 Fed. App'x 14, 15 (4th Cir. 2008); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) ("[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment."). As the QWRs are not simply referenced in, but are integral to Plaintiffs' allegations, the Court may consider these documents in ruling upon the present motion without converting the motion to a motion for summary judgment. *Id.*

"[c]opy of any denial for a loan modification under the HAMP Program or any other loan modification program." *Id.* BANA responded to Plaintiffs' QWRs on July 29, 2013 and October 1, 2013. Compl. ¶¶ 33, 38.

In their claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs assert that BANA failed to properly apply their payments and keep their account in order, failed to abide by the terms of the Note and Deed of Trust, and improperly assessed Plaintiffs fees. Compl. ¶ 74. Most importantly, however, and as relevant to this Motion, Plaintiffs base their claim for breach of the implied covenant of good faith on BANA purportedly:

1) "failing to properly consider the loan modification applications submitted in April and October 2013;"

2) "offering false reasons for unilaterally closing the April 2013 application;"

3) "subjecting [Plaintiffs'] April 2013 application to a 'blitz,' which is a mass-denial of applications that had aged;"

4) "failing to safeguard [Plaintiffs'] important documents submitted with their loan modification application;"

5) "causing various entities and individuals to communicate conflicting information to the Plaintiffs regarding . . . the loan modification process;"

6) "threatening to foreclose and attempting to extract money from the Plaintiffs when loan modifications were pending;" and

7) "failing to properly and timely evaluate their second loan modification application, losing the supplemental documents and subjecting them to a second adverse action due to [BANA's] mishandling of the application."

Compl. ¶ 74.

In Plaintiffs' claim for violations of RESPA, Plaintiffs assert generally that BANA, among other things, failed to:

1) "timely conduct an appropriate investigation of Plaintiffs' inquiries;"

2) "conduct any investigation whatsoever regarding Plaintiffs' inquiries;" and

3) "timely provide Plaintiffs with a true and accurate written explanation or clarification of the Plaintiff's [sic] legitimate questions regarding his [sic] loan."

Compl. ¶ 170.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In considering a motion to dismiss, this Court accepts as true well-pleaded allegations in a complaint and construes inferences from those allegations in favor of the plaintiff. *DeSole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). The Court need not, however, accept plaintiff's legal conclusions or "bare assertions" that amount to nothing more than a "formulaic recitation of the elements" of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a claim, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.* The Fourth Circuit concluded that the Supreme Court's decision in *Twombly* establishes a regime that is "more favorable to dismissal of a complaint" at the earliest stages of a case. *See Giarratano v. Johnson*, 521 F.3d 298, 306 n.3 (4th Cir. 2008).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court enunciated a two-step approach for determining whether a complaint may survive dismissal. First, a district court need not accept legal conclusions as true, because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . ." *Iqbal*, 556 U.S. at 678. Second, only a complaint that states a plausible claim for relief should survive a motion to dismiss, and making such a determination is a "context specific" task where the court must apply its judicial experience and common sense. *Id.* Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of the truth." *Id.*

**ARGUMENT**

Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing (Count I) and violations of RESPA (Count X), fail as a matter of law to the extent they relate to Plaintiffs' attempt to secure a loan modification. Accordingly, those aspects of Counts I and X should be dismissed with prejudice.

**I.  Count I – Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs' cause of action for breach of the implied covenant of good faith and fair dealing is nothing more than a claim for violating of HAMP, cloaked in a different name. Count I of Plaintiffs' Complaint depends on allegations that BANA violated HAMP by (1) not properly considering Plaintiffs' HAMP applications, (2) providing false reasons to justify the denial of their HAMP applications, (3) failing to maintain documents relevant to their HAMP applications, (4) providing—or causing others to provide—conflicting information regarding the HAMP process, and (5) "threatening to foreclose and attempting to extract money from the Plaintiffs when loan modifications were pending." Compl. ¶ 74. Plaintiffs' good faith and fair dealing claim fails because there is no private right of action for violations of HAMP and Plaintiffs' claim is merely a disguised attempt to bring a claim for alleged HAMP violations.

As this Court has made clear:

> Many courts have been confronted with complaints asserting rights under 12 U.S.C. § 5219(a)(1) or the Home Affordable Modification Program ("HAMP"). While plaintiffs in these cases have made several different arguments grounded in many different legal theories, the result of these cases is generally the same. Courts across the country, including this Court, have consistently concluded that there can be no relief under HAMP because the program does not create a private right of action for borrowers against servicers or lenders. *See, e.g.*, *Mosley v. Wells Fargo Bank, N.A.*, 802 F.Supp.2d 695 (E.D. Va. 2011); *Sherman*, 796 F. Supp. 2d 753, 2011 U.S. Dist. LEXIS 71756, at *6 (E.D. Va. July 5, 2011); *Winn v. Chase Mortgage Services et al.*, No. 2:10cv359,

5

>  2010 U.S. Dist. LEXIS 143041 at *6 (E.D. Va. Oct. 29, 2010); *Hoffman v. Bank of Am., AM.*, No. C 10-2171 SI, 2010 U.S. Dist. LEXIS 70455, at *14-15 (N.D. Cal. June 30, 2010); *Marks v. Bank of Am., N.A.*, No. 3:10-cv-08039-PHX-JAT, 2010 U.S. Dist. LEXIS 61489, at *14-16 (D. Ariz. June 21, 2010).

*Johnson v. Bank of Am., N.A.*, No. 4:12-cv-105, 2012 U.S. Dist. LEXIS 172667 *6 (E.D. Va. Dec. 5, 2012).

This Court in *Johnson* considered whether a plaintiff stated a cause of action against BANA for breach of the implied covenant of good faith and fair dealing when the plaintiff alleged that BANA "(1) fail[ed] to review Plaintiff for a loan modification and (2) foreclos[ed] on Plaintiff's home before a proper review had been done." *Id.* at *7-8. This Court dismissed plaintiff's good faith and fair dealing claim stating that it "will not allow Plaintiff to use this cause of action to mask a thinly veiled HAMP claim." *Id.* at *10. Specifically, the Court held that Virginia's implied covenant does not create contract terms that do not otherwise exist, and that any "implied duty under a contract is simply a manifestation of conditions inherent in expressed promises." *Id.* at 8. Because there were no obligations in the underlying contracts—*i.e.*, the Note and Deed of Trust—with respect to a loan modification, Virginia's implied covenant could not be used to create such obligations. *Id.* Citing numerous cases from the Eastern District and around the country, this Court concluded that "[c]ourts have routinely dismissed similar HAMP claims, rebutting plaintiffs' efforts to pursue a remedy for which no private cause of action exists." *Id.* at *9; *see also De Vera v. Bank of Am., N.A.*, No. 2:12-cv-17, 2012 U.S. Dist. LEXIS 87840 (E.D. Va. June 25, 2012); *Everette v. Bank of Am., N.A.*, No. 2:12-cv-18, 2012 U.S. Dist. LEXIS 58766 (E.D. Va. Apr. 26, 2012); *Correll v. Bank of Am., N.A.*, No. 2:11-cv-477, 2012 U.S. Dist. LEXIS 12960 (E.D. Va. Feb. 2, 2012); *McInnis v. BAC Home Loan Serv., LP*, No. 2:11-cv-468, 2012 U.S. Dist. LEXIS 13653 (E.D.Va. Jan. 13, 2012).

In this case, Plaintiffs submitted two HAMP loan modification applications.  Compl. ¶¶ 22, 39.  Plaintiffs have not alleged that the contract—here, the Note or Deed of Trust—created any duty to facilitate a loan modification.  *See generally* Compl. ¶¶ 1-174.  Rather, Plaintiffs' claim for breach of an implied duty of good faith is rooted on allegations of violations of HAMP.  Compl. ¶ 74 (alleging BANA did not properly consider Plaintiffs' HAMP applications, provided false reasons for denying their HAMP applications, failed to maintain documents relevant to their HAMP applications, providing conflicting information regarding the HAMP process, and threatening foreclosure while their HAMP applications were pending).  Thus, Plaintiffs' good faith and fair dealing claim (Count I) fails to state a cause of action and should be dismissed as they relate to Plaintiffs' attempt to obtain a loan modification.  S*ee, e.g.*, *Parks v. BAC Home Loan Serv., LP*, 825 F. Supp. 2d 713, 716 (E.D. Va. 2011) (dismissing plaintiff's "implied duty of good faith and fair dealing claim as it is merely another attempt to recast the HAMP claim").

## II.     Count X – Violations of RESPA

Similarly, Plaintiffs' cause of action for a violation of RESPA is largely rooted in claims relating to Plaintiffs' HAMP applications.  In Count X, Plaintiffs generically assert that BANA failed to properly respond to their QWRs and violated RESPA by failing to (1) "timely conduct an appropriate investigation of Plaintiffs' inquiries," (2) "conduct any investigation whatsoever regarding Plaintiffs' inquiries;" and (3) "timely provide Plaintiffs with a true and accurate written explanation or clarification of the Plaintiff's [sic] legitimate questions regarding his [sic] loan."  Compl. ¶ 170.  The information sought and the issues raised in Plaintiffs' QWRs, however, pertain largely with their HAMP loan modification applications.  *See* Ex. A (stating that we "write today because of the erroneous, inconsistent and harmful instruction I have received in my attempt to comply with the HAMP application.").  Indeed, Plaintiffs asked

7

BANA to "investigate and correct the problems" regarding Plaintiffs' loan modification application, and to provide them with "[c]opies of all documents relating to my request for a loan modification under the HAMP Program, any Workable Solutions Program, any in-house loan modification program and/or any other program in which is [sic] a participant," as well as a "[c]opy of any denial for a loan modification under the HAMP Program or any other loan modification program." *Id.*

RESPA requires the servicer of a mortgage to provide timely written responses to inquiries—called QWRs—from borrowers regarding the servicing of their loan. *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012). In order to trigger a servicer's duty to respond and give rise to a cause of action for failing to satisfy that duty, a QWR must seek "'information relating to the servicing of [the] loan.'" *Id.* at 666 (quoting 12 U.S.C. § 2605(e)(1)(A)-(B)) (alteration in original). The requirement that a QWR request information relating to servicing to trigger a servicer's duty to respond "ensures that the statutory duty to respond does not arise with respect to *all* inquiries or complaints from borrowers to servicers." *Id.* (emphasis in original). As the Ninth Circuit recognized, 12 U.S.C. § 2605(i)(3) defines "servicing" as encompassing only "'receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . , and making the payments of principal and interest and such other payments.'" *Id.* (quoting 12 U.S.C. § 2605(i)(3)) (alterations in original). However, "[a] request for modification of a loan agreement . . . does not concern the loan's servicing." *Id.* at 667.

Numerous courts have dismissed RESPA claims which are premised upon a purported QWR that seeks information pertaining to a loan modification, but which do not relate to servicing. *See, e.g.*, *Darlington v. Bank of Am., N.A.*, No. 13-65, 2013 U.S. Dist. LEXIS 61201,

at *7-10 (D. Minn. Apr. 30, 2013) (dismissing RESPA claim and holding "Plaintiffs concede that their letter sought information regarding loan modification, which is unrelated to the servicing of the loan itself"); *Beacham v. Bank of Am., N.A.*, No. 3:12-cv-801, 2012 U.S. Dist. LEXIS 86106, at *5-9 (N.D. Tex. May 25, 2012) (holding plaintiff failed to state a claim under RESPA because "[r]equesting information regarding loss mitigation review does not relate to 'servicing' of a loan"); *Van Egmond v. Wells Fargo Home Mortg.*, No. 12-0112, 2012 U.S. Dist. LEXIS 42061, at *10-15 (C.D. Cal. Mar. 21, 2012) (dismissing RESPA claims with prejudice because RESPA "only obligates loan servicers to respond to borrowers' requests for information relating to the *servicing* of their loans, which does not include loan modification information) (emphasis in original); *Williams v. Wells Fargo Bank, N.A.*, No. 10-399, 2010 U.S. Dist. LEXIS 36247, at *4-9 (N.D. Cal. Apr. 13, 2010) (dismissing RESPA claim without leave to amend plaintiffs sought information "relating to their 'options' for loan modification," which did not relate to servicing); *In re Salvador*, 456 B.R. 610, 623 (M.D. Ga. 2011) ("much of the information which Debtors sought relates to their allegations that Wells Fargo failed to provide them with a permanent loan modification under the HAMP program. This information is outside the scope of the term 'servicing'") (internal citations omitted).

In this case, Plaintiffs sent BANA two purported QWRs seeking information pertaining to their HAMP loan modification application and the HAMP process. Ex. A. Plaintiffs' RESPA claims are founded upon their allegation that BANA failed to properly respond to Plaintiffs' QWRs. Compl. ¶ 170. Thus, because the information Plaintiffs sought in their QWRs relates to a loan modification, which does not relate to the "servicing" of their loan under RESPA, Plaintiffs' RESPA claim (Count X) fails to state a cause of action and should be dismissed as they relate to Plaintiffs' attempt to obtain a loan modification.

## CONCLUSION

For the foregoing reasons, BANA respectfully requests that this Court grant its Partial Motion to Dismiss and dismiss with prejudice Counts I and X of Plaintiffs' Complaint as they relate to Plaintiffs' attempt to obtain a loan modification.

Dated: April 11, 2014

Respectfully submitted,

**BANK OF AMERICA, N.A.**

By: /s/ Robert W. McFarland

Robert W. McFarland (VSB No. 24021)
MCGUIREWOODS LLP
9000 World Trade Center
Norfolk, Virginia 23510
Phone: (757) 640-3700
Fax: (757) 640-3966
rmcfarland@mcguirewoods.com

Brian E. Pumphrey (VSB No. 47312)
Jeffrey D. McMahan, Jr. (VSB No. 77067)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Phone: (804) 775-1000
Fax: (804) 775-1061
bpumphrey@mcguirewoods.com
jmcmahan@mcguirewoods.com

*Counsel for Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I certify that on April 11, 2014, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system, which will send notification of such filing (NEF) to the following:

>Leonard A. Bennett (VSB # 37523)
>Susan M. Rotkis (VSB # 40693)
>CONSUMER LITIGATION ASSOCIATES, P.C.
>763 J. Clyde Morris Boulevard, Suite 1-A
>Newport News, Virginia 23601

>By: /s / Robert W. McFarland
>Robert W. McFarland (VSB No. 24021)
>MCGUIREWOODS LLP
>9000 World Trade Center
>Norfolk, Virginia 23510
>Phone: (757) 640-3700
>Fax: (757) 640-3966
>rmcfarland@mcguirewoods.com
>*Counsel for Bank of America, N.A.*